FILED
U.S. District Court
District of Kansas
09/09/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RONALD JOHNSON,**

**Petitioner,**

**v.** **CASE NO. 26-3294-JWL**

**KANSAS DEPARTMENT
OF CORRECTIONS[1],**

**Respondent.**

# MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Ronald Johnson, who is currently incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. (Doc. 1.) Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) will be granted. The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed with prejudice because it was not timely filed.

## Background

In 2003, a jury in Wyandotte County, Kansas convicted Petitioner of first-degree murder and the state district court sentenced him to life in prison without the possibility of parole for 50 years, also called a "hard 50." (Doc. 1, p. 1-2.) Petitioner appealed, but the Kansas Supreme Court

[1] Petitioner has named the Kansas Department of Corrections as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Dan Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

("KSC") affirmed his conviction and sentence in June 2007. *Id.* at 2; *see also State v. Johnson*, 284 Kan. 18, 19 (2007) (*Johnson I*), *cert. denied* 552 U.S. 1104 (2008). Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on January 7, 2008. *See Johnson v. Kansas*, 552 U.S. 1104 (2008). Petitioner then timely filed a motion in state district court seeking state habeas relief under K.S.A. 60-1507, which was summarily dismissed without an evidentiary hearing. (Doc. 1, p. 3); *see also Johnson v. State*, 2011 WL 867686, *1 (Kan. Ct. App. Mar. 11, 2011) (unpublished) (*Johnson II*), *rev. denied* Oct. 3, 2011. Petitioner appealed the dismissal, but the Kansas Court of Appeals ("KCOA") affirmed and, in October 2011, the KSC denied Petitioner's petition for review. *Id.*

In the nearly 15 years since, Petitioner has repeatedly and mostly unsuccessfully sought relief from his 2003 conviction and sentence in both state and federal court. *See, e.g.*, *Johnson v. Zmuda*, 2025 WL 1482107 (Kan. Ct. App. May 23, 2025) (unpublished) (affirming dismissal of K.S.A. 60-1507 motion), *rev. denied* Sept. 8, 2025, *cert. denied* Feb. 23, 2026; *State v. Johnson*, 320 Kan. 251 (2025) (affirming denial of motion to modify sentence); *State v. Johnson*, 320 Kan. 246 (2025) (vacating sentence in part and remanding with directions to issue a new journal entry correcting clerical errors and imposing lifetime parole instead of lifetime postrelease supervision); *Johnson v. Wyandotte Cnty. Dist. Ct.*, 2024 WL 137183 (10th Cir. Jan. 12, 2024) (unpublished) (affirming dismissal as frivolous of a federal civil action challenging constitutionality of sentence and seeking modification of same); *Johnson v. Wyandotte Cnty. Dist. Ct.*, 2023 WL 3676678 (10th Cir. May 26, 2023) (unpublished) (affirming dismissal of Petitioner's third effort to remove his state-court civil lawsuit to federal court); *State v. Johnson*, 313 Kan. 339 (2021) (affirming denial of motion to modify sentence); *Johnson v. State*, 2013 WL 5303530 (Kan. Ct. App. Sept. 20, 2013) (unpublished) (affirming denial of second K.S.A. 60-1507 motion), *rev. denied* June 17, 2014.

On August 11, 2026, Petitioner filed in this Court the petition that began this federal habeas case. (Doc. 1.) With his petition, he filed a motion for leave to proceed in forma pauperis (Doc. 2), but he did not provide the required supporting financial information until September 8, 2026 (Doc. 4). In light of the financial information now submitted, the motion for leave to proceed in forma pauperis (Doc. 2) will be granted.

**Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his petition. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**Analysis**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by

> the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Nothing in the petition persuasively suggests that another subsection of the statute applies to control the date on which the one-year limitation period began.[2] The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Petitioner's direct review concluded and his judgment was final on January 7, 2008, when the United States Supreme Court denied his petition for writ of certiorari. The next day, the one-year AEDPA limitation period began to run. Unless the year was tolled—or paused—for some reason, the last day for Petitioner to timely file a 28 U.S.C. § 2254 petition was January 7, 2009. *See Longoria v. Falk*, 569 F. App'x 580, 581 (10th Cir. 2014) (unpublished) ("[I]n the absence of tolling the applicant's last day to file a § 2254 application under AEDPA is the anniversary of when the judgment became final.").

The AEDPA statute of limitations also includes a tolling provision: "The time during which

[2] To the extent that the petition could be liberally construed to argue that 28 U.S.C. § 2244(d)(1)(C) applies here and the one-year AEDPA limitation period should be calculated from the date on which the United States Supreme Court decided *Alleyne v. United States*, 570 U.S. 99 (2013), the Court is not persuaded. As various federal and state courts have repeatedly explained to Petitioner, *Alleyne* is not retroactively applicable to cases on collateral review. *See, e.g.*, *Johnson v. Wyandotte County Dist. Ct.*, 2023 WL 4885921, *3-5 (D. Kan. Aug. 1, 2023) (unpublished) (rejecting argument that *Alleyne* applies retroactively to Petitioner argument and noting state district court's discussion of the retroactive application of *Alleyne*), *aff'd at Johnson*, 2024 WL 137183.

a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, Petitioner asserts that he filed his first K.S.A. 60-1507 motion on November 24, 2008. (Doc. 1, p. 3.) At that point, the AEDPA statute of limitations was tolled. The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

The final order related to Petitioner's first K.S.A. 60-1507 motion issued on October 3, 2011, when the KSC denied the related petition for review. This means that the first K.S.A. 60-1507 motion was pending for approximately 1,044 days. When those days are added to the original one-year anniversary date of January 7, 2009, it gives the new filing deadline for Petitioner's 28 U.S.C. § 2254 petition: November 17, 2011. Although Petitioner filed a second K.S.A. 60-1507 motion, he did not file it until December 21, 2011. (*See* Doc. 1, p. 3.) Therefore, he is not entitled to statutory tolling based on the second K.S.A. 60-1507 motion or any of his subsequent litigation related to his 2003 murder conviction and sentence. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Petitioner did not file his petition for federal habeas relief under 28 U.S.C. § 2254 until 2026. (Doc. 1.) Therefore, even accounting for statutory tolling, Petitioner filed his federal habeas petition more than 14 years after the expiration of the AEDPA statute of limitations. Petitioner will be granted time, however, in which to identify any additional statutory tolling he believes applies.

In addition, the federal habeas one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

Even liberally construing the petition, nothing therein alleges circumstances that justify equitable tolling of the statute of limitations in this matter. Petitioner will be granted time, however, to show that extraordinary circumstances beyond his control prevented him from timely filing this federal habeas petition and that he was diligently pursuing his claims during any time he seeks to equitably toll the federal habeas statute of limitations. To be clear, Petitioner must assert circumstances justifying equitable tolling for the entire time he wishes the AEDPA statute of limitations to be equitably tolled.

Finally, an exception to the one-year time limitation exists where a petitioner adequately asserts his actual innocence. "[A]ctual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). It is not an independent basis for federal habeas relief but a gateway through which a petitioner may obtain merits review of, as in this case, untimely claims. To be clear, Petitioner is not required to conclusively exonerate himself in order to pass through the

actual innocence gateway. In order to pass through the actual innocence gateway, Petitioner must provide this Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021).

In addition to providing the Court with new, reliable evidence—meaning reliable evidence that was not presented at his trial—he also must "demonstrate 'that more likely than not any reasonable juror would have reasonable doubt'" about his guilt in light of the new, reliable evidence. *See Fontenot*, 4 F.4th at 1030 (quoting *House v. Bell*, 547 U.S. 518, 538, 553 (2006)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Thus, assertions of legal insufficiencies will not open the actual innocence gateway.

In other words, the actual innocence gateway will open—allowing this Court to consider the merits of the untimely grounds for federal habeas relief—only if Petitioner presents to this Court reliable evidence that was not presented at his trial and which, when considered with all of the other relevant evidence, makes it more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the first-degree murder of which he was convicted. This is a high bar, in recognition of the Tenth Circuit's explanation that

> tenable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

## Conclusion

As explained above, the petition that began this case does not appear to have been timely filed. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will resume the Rule 4 review and issue further orders as necessary. If Petitioner fails to timely submit a response to this order or if his response does not show entitlement to sufficient statutory or equitable tolling or show circumstances that justify allowing Petitioner through the actual innocence gateway, this matter will be dismissed with prejudice as untimely without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Dan Schnurr, Warden of Hutchinson Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (**Doc. 2**) is **granted**.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **October 13, 2026**, in which to show cause, in a single written response to this order, why this matter should not be dismissed as untimely filed.

**IT IS SO ORDERED.**

DATED: This 9th day of September, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge