FILED
U.S. District Court
District of Kansas
09/22/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONALD JOHNSON,**

**Petitioner,**

**v.** **CASE NO. 26-3294-JWL**

**DAN SCHNURR,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Ronald Johnson, who is currently incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. (Doc. 1.) On September 9, 2026, the Court issued a memorandum and order to show cause ("MOSC") explaining that it appeared the statute of limitations expired in 2011, over 14 years before Petitioner filed the petition that began this case, so the petition was untimely filed. (Doc. 5, p. 3-5.) The MOSC explained the circumstances in which equitable tolling of the statute of limitations might be available and those in which a petitioner might avoid the statute of limitations by making a colorable claim of actual innocence. *Id.* at 6-7. Petitioner was granted time to show cause why this case should not be dismissed as untimely filed. *Id.* at 8.

This matter comes now before the Court on Petitioner's response to the MOSC, which he timely filed on September 16, 2026. (Doc. 6.) Liberally construing the response, Petitioner argues that the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d), improperly infringes on his First Amendment right to petition the government for redress of grievances and his constitutional "'right to come to the seat

of government to assert any claim he may have upon the government.'" (Doc. 6, p. 2 (quoting *Crandall v. Nevada*, 73 U.S. 35, 44 (1867).) The Tenth Circuit has repeatedly rejected similar arguments challenging the constitutionality of the AEDPA statute of limitations. In 2013, it addressed a petitioner's argument that the AEDPA statute of limitations unconstitutionally precluding him from vindicating his constitutional rights. *Long v. Miller*, 541 F. App'x 800, 801-02 (10th Cir. 2013) (unpublished).

The Tenth Circuit reasoned:

> The essence of Long's argument is that AEDPA's limitation period cannot deny him the right to obtain habeas-corpus relief. But he provides no authority, nor do we know of any, suggesting that the Fifth, Sixth, or Fourteenth Amendments in themselves require a habeas remedy. The constitutional basis for habeas relief is the Suspension Clause, which states that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended. . . ." U.S. Const. art. 1, § 9, cl. 2. But the claim that AEDPA's limitations period violates the Suspension Clause has been squarely rejected by this court. We have held that although there may be circumstances when the limitations period "raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective" in violation of the Suspension Clause, it can properly be applied absent grounds for equitable tolling or a showing of actual innocence or incompetence. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998) . . . .

*Long*, 541 F. App'x at 802 (additional citations omitted).

Unpublished opinions of the Tenth Circuit such as *Long* are not binding, but "may be cited for their persuasive value." *See* U.S. Ct. of App. 10th Cir. Rule 32.1. The Court finds persuasive the analysis in *Long* and the holdings of other unpublished Tenth Circuit opinions regarding the constitutionality of the AEDPA statute of limitations. *See Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019) (unpublished) (denying certificate of appealability on a district court's reliance on *Long* to reject the argument that the AEDPA's statute of limitations violated the Suspension Clause); *Valles v. Hansen*, 743 F. App'x 162, 163-65 (10th Cir. 2018) (unpublished) (denying certificate of appealability on a district court's rejection of the argument that the AEDPA statute

of limitations violated the First Amendment and collecting other cases in which it "addressed and rejected challenges to the constitutionality of the one-year limitations period").

Even liberally construing the response to the MOSC, it does not dispute the Court's conclusion that the federal habeas statute of limitations expired before Petitioner filed his petition in this Court. (Doc. 6.) Nor does it assert entitlement to additional statutory tolling, equitable tolling, or passage through the actual innocence gateway. *Id.* Petitioner's constitutional arguments fail because he has not shown that his right to pursue a writ of habeas corpus is guaranteed by any constitutional provision other than the Suspension Clause and the Tenth Circuit has stated that the "contention that the one-year limitations period is unconstitutional lacks merit." *See Valles*, 743 F. App'x at 165. Therefore, the Court will dismiss this matter with prejudice as untimely filed. *See Haney v. Addison*, 175 F.3d 1217, 1219-21 (10th Cir. 1999) (affirming dismissal with prejudice of untimely 2254 petition); *Navarette v. Horton*, 2023 WL 1773856, *1 (10th Cir. 2023) (unpublished) (same).

**Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject

to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed with prejudice as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 22nd day of September, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge